UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA



FILED

OCT 3 1 2019

Clerk, U.S. District and
Bankruptcy Courts

JOI M. KELLY, )
)
    Plaintiff, )
)
v. )   Civil Action No. 1:19-cv-02567 (UNA)
)
)
COMMONWEALTH OF VIRGNIA, et al., )
)
    Defendants. )

## MEMORANDUM OPINION

This matter is before the court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The court will grant the *in forma pauperis* application and will dismiss this case for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring dismissal of an action "at any time" the court determines that it lacks subject matter jurisdiction).

Plaintiff, a resident of Virginia,[1] faces several hurdles given the insufficiency of her complaint. She sues the Commonwealth of Virginia, Ryan Burroughs, Reda Burroughs, and John and Jane Does.[2] All defendants are located in Virginia.[3] The complaint is far from a model in clarity. Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a

---

[1] "The first filing by or on behalf of a party shall have in the caption the name and full residence address of the party." LCvR 5.1(c). Plaintiff has filed a complaint containing a P.O. Box address, which is allowed only upon leave of court.
[2] The Local Rules of this Court state that a plaintiff "filing *pro se in forma pauperis* must provide in the [complaint's] caption the name and full residence address or official address of each party." LCvR 5.1(c)(1). While plaintiff provides an address for the "Doe defendants," she fails to provide any other required identifying information.
[3] Venue in a civil action is proper only in (1) the district where any defendant resides, if all defendants reside in the same state, (2) in a district in which a substantial part of the events or omissions giving rise to the claim occurred, or (3) a substantial part of the property that is the subject of the action is situated, or in a district in which any defendant may be found, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b). Plaintiff has failed to establish any connection between her allegations and the District of Columbia.

short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

As best can be gleaned from review of plaintiff's complaint and attached exhibits, it appears that she attempts to file an amalgamation of various grievances premised on prior or existing litigation in other state and federal courts. She first discusses being a class member in federal litigation against Wells Fargo, which allegedly resulted in a financial settlement on her behalf. She now seeks to "reinstatement of [the] previously drafted housing case by the USDOJ against Wells Fargo for housing discrimination." She also lists the U.S. Department of Justice as her attorney on the accompanying civil case information form.

First, this court lacks jurisdiction to review the decisions of another district court. See 28 U.S.C. §§ 1331, 1332 (general jurisdictional provisions); *Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C.1994), *cert. denied*, 513 U.S. 1150 (1995). Second, to the extent plaintiff seeks to bring this matter "as [a] classmember," she fails to prevail. As a general rule, applicable here, a *pro se* litigant can represent only himself or herself in federal court. *See* 28 U.S.C. § 1654; *Georgiades v. Martin-Trigona*, 729 F.2d 831, 834 (D.C. Cir. 1984). Further, it is well established that "*pro se* parties may not pursue actions on behalf of the United States." *Walker v. Nationstar Mortg. LLC*, 142 F. Supp. 3d 63, 65 (D.D.C. 2015) (quoting *U.S. ex rel. Fisher v. Network Software Assocs.*, 377 F. Supp. 2d 195, 196–97 (D.D.C. 2005)); *see Canen v. Wells Fargo Bank, N.A.*, 118

F. Supp. 3d 164, 170 (D.D.C. 2015) (noting that "courts in this jurisdiction consistently have held that *pro se* plaintiffs . . . are not adequately able to represent the interests of the United States") (citing cases).

Plaintiff then broadens her allegations, claiming undefined discriminatory conduct committed by the named defendants and by other Virginia agencies. These allegations seem founded in her discontent regarding outcomes of various litigation filed in King and Queen County Circuit Court, located in Virginia, including, but not limited to, property enforcement and protective orders. As a general rule, applicable here, a federal district court lacks jurisdiction to intervene in state court proceedings. *See Richardson v. District of Columbia Court of Appeals*, 83 F.3d 1513, 1514 (D.C. Cir. 1996) (citing *District of Columbia v. Feldman*, 460 U.S. 462, 476 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), *aff'd*, No. 94-5079, 1994 WL 474995 (D.C. Cir. 1994), *cert. denied*, 513 U.S. 1150 (1995)).

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3). Plaintiff has failed to establish diversity jurisdiction or to state a federal question.

For all of the aforementioned reasons, plaintiff has failed to establish subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). As a result, this case is dismissed. A separate order of dismissal accompanies this memorandum opinion.

Date: October 31, 2019

CHRISTOPHER R. COOPER
United States District Judge